With that, we will begin with Lee v. Berryhill. Council? I'm Alexander Amendek, Your Honor, and I represent the appellant. Your Honor, the appellant's case is effectively dismissed without prejudice by the District Court, but because of the statute of limitation, it is dismissal with prejudice. He cannot refile another action. And I submit, Your Honor, there's no case law whatsoever that support the dismissal of this case. Counsel, you missed all of your deadlines. You were given a schedule six months in advance. You knew when your motion for summary judgment was due. You missed the deadline. I missed it by six days, Your Honor, and I filed... Yes, that's when you filed the extension. You filed the extension late. So you were late on filing your motion for extension. You had already missed the deadline for filing the motion for summary judgment. What did you think the magistrate judge was going to do? Well, Your Honor, I have done social security law for some 20 years, and in the past, the government had been late also, and there was never a case where the case was dismissed. I had been always given an opportunity to correct the defect. And so I submit, Your Honor, this is a very drastic remedy or drastic sanction. It is drastic. Why didn't you tell the district court that? I did, Your Honor. We had oral argument, and... After the district court was going to... It was after six months after the case was dismissed by the magistrate judge, and you didn't take anything to the district court. Your Honor, I was under the impression or I... What happened when the magistrate judge issue a denial? He also issue an order to show cause. So that create the confusion because by the time the order to show cause was dismissed, then the time to appeal his denial was well past. So I was hoping that or I was expecting that he would issue a report and recommendation. Well, the OSC was personal to you. It didn't have anything to do with your client, right? No, Your Honor. That has nothing to do with my client. Okay. And the confusion was caused by the fact that... Why didn't you file a protective order with the district court? Said, I'm not sure if this is the right time to file this, but I need to file this on behalf of my client. The magistrate judge has abused his discretion and dismissed my case, and he shouldn't have done so. Well, the magistrate judge did not dismiss the case. He just denied the extension. Right. And then he threatened the sanction, and I had to deal with the sanction issue. And then by the time the sanction issue was resolved, the 14 days or the 10 days to appeal was past due. So I brought up the issue with I was expecting a report and recommendation, and so there was some confusion as to whether I should have gone directly to the district court after the magistrate judge. You told all of this to the district court? Yes, Your Honor. I even wrote a brief, but the district court refused to grant the appellant an opportunity to file his motion for summary judgment. Well, these are hard lessons, counsel, but what do you expect us to do? Well, I, Your Honor, I was hoping that because of the five factors, all the cases that I submitted to Your Honor, in which the case was dismissed is that because of some egregious conduct on the part of either the plaintiff or his or her attorney. This is not the case here. I took all the remedial steps that I could. Ordinarily, a motion for extension ought to be filed before the deadline, not after you've already missed the deadline. Well, that's my mistake, Your Honor. It is a mistake. What is it that you want us to do about your mistake? Well, to reverse the district court order and allow the appellant to file his motion for summary judgment at the district court level. Because the district court was wrong in failing to account for your mistake? No, Your Honor. This is not the case. If you look at all the case law, the case of dismissal were caused by repeated failure or a total ignorance of court rules, some very egregious conduct. Here is just a human error. It's a mistake, and I took every step that I could possibly take to correct the situation. There was no egregious conduct. There was no violation, intentional violation of the rule. I think the main basis for the district judge's action was that it lay dormant for all those months. There are the mistakes that you made earlier, but then it reached a particular stage, and then nothing happened for month after month after month after month, right? Is that wrong? Yes, Your Honor. But that was by the confusion, because I was expecting to... Well, confused or not, a judge is entitled, when nothing happens for a long period of time, to take the case off his docket, it seems to me. There must be something to be done. No lawyer, even one that makes mistakes now and then, would think that you can just leave your case to sit there for, what was it, four months? That, I think, is what was driving the district court here. Not that you had this or that reason for not being granted an extension of time to file your summary judgment motion. Your Honor, this is... Is that accurate, my perception? Yes, Your Honor. Well, I think that's what's going on, so it's a little hard to say that it's just that you're being whammed for human error. It just looks like counsel lost track of your case. I mean... No, Your Honor, I did not lose track. I was expecting... That's what I'm saying. Wouldn't you think, after three months, let's say, that nothing has happened in your case, that you need to do something? Your Honor, social security cases, I have a case that's been sitting with the district court for a year or three years, and... Yeah, but that's when you're waiting for something to happen when clearly something is supposed to be happening from somebody else. What were you expecting? I mean, yeah, if the ball is in somebody else's court, you should wait. I understand that. But the ball is pretty clearly in your court when you're the plaintiff, and there's... Your Honor... Just sitting there. Every time that the magistrate judge denied a case, he or she issued a report and recommendation. In this case, a report was never issued, Your Honor. It was... Well, okay. On what day did the magistrate issue the OSC? October 22nd, Your Honor. Okay. And then October 23rd, he denied the third motion for extension of time. So they happened almost at the same time. Okay. And when did you learn that the magistrate was not going to proceed on the OSC? He dismissed the OSC on October 13th, Your Honor. No. I'm sorry. November 13th. On November 13th. And what did you do after November 13th? I was waiting for the report and recommendation. Okay. So you didn't do anything until April when the district court said, I'm clearing this off my docket. Well, the district court was asking, was issuing some type of order, I think, about the case. And so I submit a motion to allow extension and also a motion to file for permission to file summary judgment. What kind of R&R did you think the magistrate was going to issue? Well, he's going to issue an R&R giving us 10 or 14 days to object to whatever decision he was going to take. What further decision did you think he was going to make when he told you that the case was dismissed? That you weren't getting an extension. What did you think, what kind of an R&R did you think you were getting? Your Honor, because every time that the magistrate issued an order, there's always rule 72B. He had to give us a certain time to appeal to the district court. And there was never a mention of giving us any time or any permission even to take the case forward. So because of the order to show cause and the threat for sanction, and once that was off calendar, then I was under the understanding that the magistrate's going to issue an R&R that give us permission to go forward. We did not have any permission to do anything at the time. Okay. Let's hear from the government. I'll give you a minute for rebuttal to respond. Thank you, Your Honor. Good morning, Your Honors. Elizabeth Feer for Nancy A. Berryhill. I would like to address the issue of the R&R first. Rule 72A talks about non-dispositive orders, not reports and recommendations. So when a magistrate judge issues a non-dispositive order, a claimant, under the rules, has the opportunity to object to that order within 14 days. That absolutely did not happen here. It didn't happen for the first denial of the extension. It didn't happen for the second denial of the extension. And it didn't happen for the third denial of the extension. And then what happened was there was the OSC issue about Ms. Manbeck's conduct in misrepresenting the government's stipulation to the second extension. Following that, the district court, all of these extension requests were dismissed without prejudice. At no time did Ms. Manbeck ask for a motion to file a late brief, explain with reasons that satisfied the magistrate judge why she was late. Had the statute of limitations run at that time? What do you mean by the statute of limitations? Well, I think Ms. Manbeck has told us the statute of limitations has run now. So if we affirm the district court's dismissal, Mr. Lee doesn't have any further options here. On this set of applications, he does have the option to file other applications, which is off the record, but he has. So that's a remedy there. Okay. I guess my question is, had the statute of limitations, the magistrate dismisses this without prejudice, which means that he's free to start the whole thing over again if the statute of limitations is still open. Is that right? Well, that goes by the complaint, and the complaint was timely filed here. So once that triggers, that means she satisfied the statute of limitations. So then it becomes a matter of the litigation that ensues after the complaint. So she wasn't barred from proceeding with this litigation. She just did nothing for six months until the local rule 41-4, which says that after six months of dormancy. You're not answering his question in my understanding. I'm sorry. I didn't mean to. The question that I took Judge Bybee to be asking is, if she had to start all over, it would arguably not be a timely filing at that time. If she had to start over, yes. If she had to start over. So when did it become true that she would be too late to start over? That's the question I took Judge Bybee to be asking. Sorry. Is your question that so the final agency decision from that time forward, you have 65 days to file a complaint. So that ran early in this process. Okay. So at the time the magistrate dismissed this, although he dismisses it without prejudice, in fact there really was nothing further that she could do to sort of start the thing over again. Well, I'm going to disagree with that because the magistrate judge did non-dispositive things here. So even though the magistrate denied the motions for extension, that did not bar Ms. Manbeck from explaining why she was late and giving the court reasons. To the district court. No, she still could have done that to the magistrate. There's no reason why she couldn't have done that. There's no explanations other than the affidavit requesting the extension, which is pretty bare bones. Exactly. And actually kind of shifts blame away from. This is still a pretty tough sanction. It is. But the rules exist for a reason. And I would, the abuse of discretion standard requires this court to find with a firm conviction that the district court committed a clear error of judgment here. And you talk about egregious circumstances. And I think we have these here. As you mentioned first off, Ms. Manbeck missed every single deadline. At no point did she try to satisfy Magistrate Gallo's desire to have reasons. She claims that, as I understand it, the key thing that's driving the idea that this case should be thrown out is that it lay dormant for four months. Exactly. That's the main thing. All right. And she has an answer to that. It may not be a good answer, but her answer is she was waiting for a report and recommendation, which seems to be legally wrong to me. Okay. But we don't always punish litigants for legal mistakes. That's a legal mistake, if that's what the other counsel was actually thinking. And there's this contention that maybe some other relief could, or some other sanction could be imposed without depriving the poor litigant of having his ordained court. Is there some other sanction that could have been awarded, or was the district court just sort of left with ignoring all these violations or throwing the case out in a way that it could never come back? Was there anything in the way? Could they have fined counsel or something like that? I mean, I don't know. I'm asking you what lay in between. It seems like either extreme is pretty extreme. Is there anything in the middle that could have been done here? Well, I would say there's two cases, Furtick and Henderson, which say that giving the claimant notice of possible dismissal and a hearing opportunity do qualify as lesser sanctions, and that happened here. Once the local Rule 41. I don't see how giving notice is a sanction. Well, because it allowed Ms. Manbeck to come to that last hearing. That's an equitable factor. I can see that, but it's not answering my question. Is there anything? Not having done that, because of a misperception, I'm going to assume that she's accurate in her reasoning, because of a misperception as to what she was waiting for. She's waiting for something that's not coming because she misperceived the law. That's what she says, right? So that deserves a sanction. It shouldn't mean that we waive all of the earlier latencies that have occurred in this case. I'm just asking whether the court could have done something other than dismiss this, quote, unquote, without prejudice, but really with prejudice. There was nothing, or there was? From your perspective, you would say there's nothing, but I'm wondering if that's true. Was there something else that could have been done that sort of split the baby? Well, I think sanctioning the attorney. You could have sanctioned the attorney. For failing to follow any rule, whether it's the rules of civil procedure or the court's orders. So that could have happened. So if we were to, just speaking hypothetically, if we were to say that the district court abused its discretion by this dismissal when a lesser sanction such as fining the attorney was available, where would that leave the client? Would the client then be able to proceed forward if we ruled that way, or the client would not? If you found an abuse of discretion, you sent it back to the district court to hear the case on the merits. That could happen. But this is one factor out of the five, and the case law often upholds the dismissal, finding no abuse of discretion when there's three of the five factors. And the other factors here weigh in favor of dismissal. Well, I thought our case has said pretty clearly that we could not uphold this kind of sua sponte dismissal without the district court at least considering the appropriateness of lesser sanctions. Here, it sounds like maybe a fine or something other than just outright dismissal of the action. And it didn't seem like, from the record we have before us, that the district court ever gave any consideration to lesser sanctions. Well, and to that I would say, Your Honor, that Furtick and Henderson speak to allowing the claimant the opportunity to be heard with the warning. Local Rule 41-4 says with notice and a hearing, the court might dismiss the case. It doesn't have to, so she had that opportunity. And I would say that that does fall under a lesser sanction. No, I mean some kind of an evaluation by the district court in explaining the basis for its ruling. See, all we have is a minute order that says no, gives no explanation, right? And I thought our case has said you have to give us the explanation that I thought about this other thing, I thought about this lesser thing, but the only thing that will remedy this kind of misconduct is dismissal. And we don't have that explanation, right? Well, I think that the court says that it's preferred, the case law says that it's preferred that the district judge gives reasons like that, but it's not absolutely necessary. And I do have somewhere I have that written down. There's many cases that say that. I think Henderson says that. I think Yorish says that. And I think Peg Taloonan might say that as well. So maybe if the reasons are obvious from the record, I could see that. But are they here? Well, I think if you look at Ms. Manbeck's conduct in this case, failing to follow any order, failing to ever even, you know, we would say fall on your sword, say I made a mistake, please don't punish my client for this. She didn't say that, really, until she came here. And this court has rejected the idea that a district court can't dismiss because it punishes the claimant. And they're citing, I'm really sorry, my notes are not as good as they usually are. But there's a footnote citing the Supreme Court case that says we've rejected that. I'm fairly certain that's in Yorish. It might be Henderson. But this court has said that. So you can't use that one factor to outweigh everything else. And a district court's ability to manage its docket is a major concern here. And as Ms. Manbeck said, she's been practicing for 20 years. Presumably she's aware of Local Rule 41-1, which says if a case stays dormant for six months, you are subject to dismissal. In my opinion, you come to that hearing, you fall on your sword, you say I did this wrong, I'm really sorry, I didn't mean to do this, I didn't mean to prejudice the court, I ask you not to impose this sanction on my client. That didn't seem to happen here. And I will also point out that at any time she could have filed the motion for summary judgment and begged the court's lead to take it late. That didn't happen. And even here in this court she filed both of her pleadings late but managed to attach the brief with them. So that's something she could have done below. These are all things that the court could take into consideration. And if you look at this record as a whole, I think it is egregious behavior. How is it in the interest of your client to have that sanction rather than a sanction that goes against the counsel that hasn't litigated this case properly? Isn't it in the interest of the secretary or the commissioner to have clients get whatever they're due in terms of Social Security benefits and their counsel? I mean, I understand that you have an interest in having a procedure that can proceed and not bollocks up the district court. But it seems to me if you're trying to deter counsel, you're not trying to deter clients, you're trying to deter counsel, then maybe it might make sense at least to consider a sanction that goes against the lawyer rather than the client. Of course, the lawyer is not here arguing for that, so maybe that's not what she wants. And we as an agency can't ask for sanctions against a client. So you're just here to defend it, and that's your job, to defend the judgment. But I'm just wondering in terms of the interest of your client, would it be against the interest of your client for the district court instead to have a sanction that actually bites but bites the lawyer rather than the client? That wouldn't be against the agency's interest. That's all I'm asking. But I will point out that the agency already decided this case on the administrative merits and found that the claimant was not disabled, and we still stand by that decision. So for us, it would be prejudiced for us to go forward with it at this point when the district court has reasonably, without abuse of discretion, dismissed it for failure to prosecute. Can I ask just one last question? In response to one of Judge Rogers' questions, you said that if we were to say that dismissal here as a sanction was over the top and was an abuse of discretion, that somehow the case could go forward. And I guess I'm wondering if that's really true. I thought you had argued in your brief that because plaintiff's counsel missed that 14-day deadline under 72A, that we actually don't have the authority now to say that the initial denial of the extension request was an abuse of discretion. So if we were to vacate the dismissal of the action now and we can't touch the refusal to give the extension, how could plaintiff's counsel prosecute the case at this point? I understand what you're saying, and this does have two layers of orders in this case. But the magistrate's judge's orders were non-dispositive. And I think that if you were to find the district court abused its discretion by dismissing, you could say, let claimant file a brief. I don't think there's anything in civil procedure that would preclude that. But, again, I just want to tie you back to abuse of discretion, and I don't think you can find with conviction that there was a clear error of judgment on the part of the district court here, given the nature and the history of this case. Thank you. Thank you, Ms. Farrow. That was helpful. Ms. Manbeck, I'll give you a minute. The one thing I want to make clear to the court is that this is a dispositive case. It's not a non-dispositive case because the denial of extension of time effectively cured this case. It's just the statute of limitation prevents the plaintiff from going forward. So if it is a dispositive decision, the magistrates must issue a report and recommendation. So the fact that none was issued put the plaintiff ---- My understanding is it didn't become dispositive until the district court dismissed it. So the magistrates was not dispositive because it was without prejudice. No, Your Honor. A denial of extension of time would prevent the plaintiff from going forward, and so that was a dispositive decision, and that the magistrates under Rule 72B must issue a report and recommendation. That's the rule, Your Honor. What's your view as to what a lesser sanction might be? Well, I would not mind, say, paying a fine because, say, like $500, something, some fine that would apply to me so that my client can ---- And then let's assume that, and I'm not saying that we would do that, but let's assume that we send it back and that's something that the district court on remand decides to do, then how would your case be reinstated? How would the case be reinstated? You've still got the judgment that it was too late to file a summary judgment motion, right? Well, Your Honor, I just find ----  I just find a Rule 28J last night that show a bunch of cases in which there was a delay and that the five-factor was considered and that, in this case, three or four of them mitigate in favor of reopening the case. Thank you. Okay. Thank you, counsel. Thank you. Thank you, counsel, for the argument. The case is submitted.
judges: Rogers, Bybee, Watford